IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | : | CIVIL ACTION |
| ex rel. RONALD J. STRECK, | : | NO. 08-5135 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLERGAN, INC., et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                NOVEMBER 16, 2012

## I. INTRODUCTION

Relator, Ronald J. Streck ("Plaintiff"), has filed a motion seeking relief from this Court's Memorandum Opinion and Order, dated July 3, 2012 (ECF Nos. 173, 174), granting in part and denying in part Defendants' motion to dismiss. Preliminarily, Plaintiff's motion raises a procedural issue; namely, which rule of procedure governs Plaintiff's motion and, consequently, whether his motion was timely filed. For the reasons that follow, the Court will deny Plaintiff's motion as untimely.

## II. BACKGROUND

This case involves a qui tam suit, brought in accordance with the False Claims Act ("FCA"), 31 U.S.C. § 3729

(2006 & Supp. IV 2011).  In this qui tam suit, Plaintiff alleged that various pharmaceutical manufacturers, including AstraZeneca, Biogen Idec, Cephalon, and Genzyme ("Discount Defendants") and Allergan, Amgen, Bradley, Eisai, Mallinckrodt, Novo Nordisk, Reliant, Sepracor, and Upsher-Smith ("Service Fee Defendants," and all defendants collectively, "Defendants"), fraudulently under-reported their Average Manufacture Price ("AMP") to the Government in an effort to pay a smaller Medicaid rebate.

Defendants collectively filed a Motion to Dismiss Plaintiff's Fourth Amended Complaint.  ECF No. 140.  On July 3, 2012, the Court granted in part and denied in part Defendants' motion.[1]  Plaintiff now seeks to alter or amend the portion of the Court's Order dismissing all claims against Service Fee Defendants.  Pl.'s Mot. to Alter or Amend J., ECF No. 178. Service Fee Defendants have responded.  Defs.' Resp., ECF No. 182.  Plaintiff has additionally filed a Reply.  Pl.'s Reply,

---

[1] At issue here is the Court's dismissal of all federal and state claims against Service Fee Defendants.  However, in the above-referenced Order, the Court also dismissed all federal and state claims against Discount Defendants regarding their AMP submissions before January 1, 2007, and various remaining state law claims against Discount Defendants after this date.  See Order, dated July 3, 2012, ECF No. 174, and accompanying Memorandum Opinion, ECF No. 173.  However, Plaintiff does not challenge the Court's rulings regarding Discount Defendants.

2

ECF No. 183. After having reviewed the parties' submissions, Plaintiff's motion is now ripe for disposition.

**III. PROCEDURAL DISPOSITION OF PLAINTIFF'S MOTION**

As an initial matter, the Court must determine which procedural rule governs the timing of Plaintiff's motion. Though titled a "Motion to Alter or Amend the Judgment," Plaintiff's initial motion does not reference the procedural rule on which it relies. In their Response, Service Fee Defendants argue that, because the Court has not issued a final judgment in this case, Plaintiff's motion is properly considered as a motion for reconsideration under Rule 7.1 of the Local Rules of Civil Procedure ("Local Rule 7.1"). Defs.' Resp. 1-2. Plaintiff replies that his motion is governed by Rule 60(b) of the Federal Rules of Procedure ("Federal Rule 60(b)"). Pl.'s Reply 1-2. Plaintiff did not seek certification of the Court's ruling under Rule 54(b) of the Federal Rules of Civil Procedure for an interlocutory appeal.[2] Nor did Plaintiff argue that his motion is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which permits the Court, under certain circumstances,

---

[2] Rule 54(b) of the Federal Rules of Civil Procedure allows for an order to be deemed "final and immediately appealable . . . when the district court makes an express determination that there is no just cause for delay[,] and expressly directs entry of final judgment." Carter v. City of Phila., 181 F.3d 339, 343 (3d Cir. 1999).

to alter or amend judgment.[3]  Accordingly, the Court is called upon to determine whether Federal Rule 60(b) or Local Rule 7.1 governs Plaintiff's motion.  If construed under the former, Plaintiff's motion would be timely; if construed under the latter, Plaintiff's motion would be untimely.[4]

A Federal Rule 60(b) motion is one seeking relief from a "final judgment, order, or proceeding" for reasons including mistake and newly discovered evidence that, in the exercise of reasonable diligence, could not have previously been discovered.  Fed. R. Civ. P. 60(b).  A Federal Rule 60(b) motion based on mistake or newly discovered evidence must be filed within one year.  Fed. R. Civ. P. 60(c).  Local Rule 7.1, on the other hand, governs motion practice and provides that a motion for reconsideration must be filed within fourteen days after the entry of the order.  Local R. Civ. P. 7.1.

District courts have the authority to "prescribe rules for the conduct of court business so long as those rules are

---

[3] Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[4] The Court entered its Memorandum Opinion and Order on July 3, 2012.  Plaintiff filed his motion on July 30, 2012. Pl.'s Mot. to Alter or Amend J., ECF No. 178.  Although within the one-year time limit for Federal Rule 60(b), Plaintiff's motion was not filed within the fourteen-day limit under Local Rule 7.1.

4

consistent with the Acts of Congress and the Federal Rules of Procedure." Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 173 (3d Cir. 1990); see also 28 U.S.C. § 2071(a) (2006); Fed. R. Civ. P. 83(a)(1). Further, district courts may not disregard local procedural rules without sound justification for doing so. United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 215 (3d Cir. 2000) (holding that district court may only "depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment"). In other words, local rules are binding on the district court unless there is a justifiable reason to excuse their command.

By its own terms, Federal Rule 60(b) governs motions seeking relief from a final judgment, order, or proceeding. "In a case with multiple parties and claims, an order that disposes of fewer than all of the claims and parties is not deemed 'final.'" Sieg v. Sears Roebuck & Co., 2012 WL 1657921, at *2 (M.D. Pa. May 11, 2012) (quoting Carter v. City of Phila., 181 F.3d 339, 343 (3d Cir. 1999)); see also In re Asbestos Prods. Liab. Litig. (No. VI), 801 F. Supp. 2d 333, 334 n.1 (E.D. Pa. 2011) (treating plaintiff's motion to alter or amend judgment as motion for reconsideration as this Court had not entered final judgment); Bausch & Lomb, Inc. v. Moria S.A., 222 F. Supp. 2d

616, 669 (E.D. Pa. 2002) (holding that "neither Rule 59(e) nor 60(b) applies because the order [movant] seeks to have reconsidered is not a final judgment or order but rather an interlocutory decision").

Here, the Court has dismissed some but not all of Plaintiff's claims against some but not all Defendants. The litigation is still ongoing against certain Defendants based on multiple claims. Accordingly, the Order in question does not constitute a "final" order for purposes of Federal Rule 60(b).

The Court therefore finds that Plaintiff's motion is properly treated as a motion for reconsideration, governed by Local Rule 7.1. Plaintiff did not file his motion within Local Rule 7.1's fourteen-day time limit. Thus, under Local Rule 7.1 Plaintiff's motion is time-barred.

Nor is there a sound justification to waive the time bar of Local Rule 7.1 See Eleven Vehicles, Their Equip. & Accessories, 200 F.3d at 215. Faithful adherence to the Local Rules of Civil Procedure is particularly important in a complex case, such as this, with multiple issues and parties who are represented by experienced and sophisticated counsel, to ensure the fair and efficient administration of justice. Moreover, the Plaintiff has not advanced any reason why he was unable to meet the strictures of the rule. Finally, Plaintiff is not without recourse. At the end of the litigation, he may seek review of

his claims, along with all other parties, by the court of appeals.  Under these circumstances, it is not unfairly prejudicial for Plaintiff to simply wait his turn.

**IV. CONCLUSION**

In light of the foregoing, the Court will deny Plaintiff's Motion to Alter or Amend the Judgment as untimely. An appropriate order will follow.